The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CABRINA MURPHY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONEYLION TECHNOLOGIES INC.; and MONEYLION INC.,<br><br>Defendants. | CASE NO. 2:26-cv-01308<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery; rather, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. PROTECTED MATERIAL

"CONFIDENTIAL" material shall include the following documents and tangible things produced or otherwise exchanged: (a) defendants' (or defendants' parent company's) income statement, balance sheets, customer lists, or other documents that otherwise describe, contain, or disclose commercially sensitive internal company information; (b) employee handbooks or materials describing operating procedures, including those relating to marketing campaigns and the MoneyLion text referral program, that are not readily ascertainable outside of this litigation and which the designating party has taken reasonable steps to maintain its confidentiality; (c) other confidential research, development, or commercial information, including but not limited to confidential marketing and campaign materials or confidential testing or analyses of text message marketing, that are not readily ascertainable outside of this litigation and which the designating party has taken reasonable steps to maintain its confidentiality; (d) any other protected information that a party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy or confidentiality obligations, including contractual confidentiality obligations owed to third parties; or (e) the non-public personally identifying information regarding, or financial information related to, any individual who is a named party to this action, including (but not limited to) contact information, social security numbers, taxpayer identification numbers, or financial account numbers.

"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material shall include the following documents and tangible things produced or otherwise exchanged: (a) proprietary information that qualifies for protection as a trade secret, including unpublished source code; (b) proprietary information that qualifies as or is related to a competitive and strategic initiative, where such information is not readily ascertainable outside of this litigation and which the designating party has taken reasonable steps to maintain its confidentiality (including but not limited to information regarding potential, past, or future mergers or acquisitions, or entries into new markets); and (c) any personally identifying information regarding, or financial information related

to, defendants' (or defendants' parent company's) end customers or users, including consumers' names and contact information, social security numbers, taxpayer identification numbers, financial account numbers, etc.

3. SCOPE

The protections conferred by this agreement cover not only Confidential or Highly Confidential – Attorney's Eyes Only material (as defined above), but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations of such material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such material. Together with Confidential or Highly Confidential – Attorney's Eyes Only material, such material is "Protected Material" under the terms of this agreement.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. For the avoidance of doubt, such material is not Protected Material.

4. ACCESS TO AND USE OF PROTECTED MATERIAL

4.1 Basic Principles. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation; such material cannot be used for any business, competitive, or other non-litigation purpose without the express written consent of counsel for the designating party or by order of the Court. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Notwithstanding the foregoing, nothing in this agreement shall preclude or impede outside counsel of record's ability to communicate with or advise their client(s) in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this agreement.

Protected Material must be stored and maintained by a receiving party at a location and in

a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material, including Protected Material that incorporates or reflects Confidential material, only to:

(a) the receiving party's counsel of record in this action, including outside counsel and in-house counsel, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) in the case of a receiving party that is a corporation or other business entity, the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) in the case of a receiving party that is an individual, the individual receiving party, provided that such disclosure is reasonably necessary for this litigation,

(d) experts, consultants, mock jurors, and any other professional vendors retained by counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any third-party mediator or other persons engaged in alternative dispute resolution;

(f) the court and court personnel;

(g) court reporters, videographers, and their respective staff;

(h) copy or imaging services retained by counsel to assist in the duplication of Protected Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material upon completion of the services;

(i) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(j) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Highly Confidential – Attorney's Eyes Only material, including Protected Material that incorporates or reflects Highly Confidential – Attorney's Eyes Only material, only to:

(a) the receiving party's counsel of record in this action, including outside counsel and in-house counsel, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts, consultants, mock jurors, and any other professional vendors retained by counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) any third-party mediator or other persons engaged in alternative dispute resolution;

(d) the court and court personnel;

(e) court reporters, videographers, and their respective staff;

(f) copy or imaging services retained by counsel to assist in the duplication of Protected Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material upon completion of the services;

(g) during their depositions, witnesses in the action to whom disclosure is

reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.4 Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the relevant designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that are designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: For information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: The parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may then, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, under the terms of this agreement. Notwithstanding this provision, the parties and

any participating non-parties may provisionally designate a deposition transcript, or any exhibits thereto, as Confidential or Highly Confidential – Attorney's Eyes Only in their entirety while on the record during the deposition or within twelve hours of the deposition's completion; any transcript that is provisionally designated in this manner shall be treated pursuant to the relevant designation (Confidential or Highly Confidential – Attorney's Eyes Only) in its entirety until the thirty-day time period to designate upon receipt of the transcript has lapsed.

(c) Testimony given at trial: If a party or non-party desires to protect Protected Material from public disclosure at trial, the issue should be addressed during the pre-trial conference.

(d) Other tangible items: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. Inadvertent or unintentional disclosure, without the required confidentiality designation, of any document, testimony, or information that the disclosing party intended to designate under this agreement shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to specific documents and information or as to the same or related subject matter. If timely corrected (i.e., by providing notice to the receiving party and committing to provide new versions of the subject materials with the correct confidentiality designation affixed) within 14 days of the designating party's discovery of the error, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to promptly ensure that the material is treated in accordance with the provisions of this agreement. If the receiving party has disclosed the materials before received the correction, the receiving party shall notify the designating party in writing of the identity of any persons or entities to whom such

materials were disclosed who would not otherwise be entitled to receive such materials under this agreement. The designating party shall advise such persons of the terms of this agreement and request that such persons sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation made under this agreement at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding designations under this agreement without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential or Highly Confidential – Attorney's Eyes Only, as applicable under the designating party's assigned designation until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential or Highly Confidential – Attorney's Eyes Only (or otherwise Protected Material), that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement (such notification shall include a copy of this agreement); and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

The recipient of the request, subpoena, or court order shall not disclose any Protected Material prior to the date specified for production in such request, subpoena, or court order. The designating party may, in its sole discretion, and at its own cost, move to quash or limit the request, subpoena, or court order, otherwise oppose the disclosure of Protected Material, or seek to obtain confidential treatment of such material, to the fullest extent available under law, by the person or entity issuing the request, subpoena, or order. The party who received the request, subpoena, or order shall not oppose any effort by the designating party to quash or limit the request, subpoena, or order.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NOTIFICATION IN THE EVENT OF SECURITY BREACH OR UNAUTHORIZED ACCESS</u>

If the receiving party discovers any security breach, including any actual or suspected unauthorized access, relating to Protected Material, the receiving party shall:

(a) promptly provide written notice to the designating party of such breach within twenty-four hours of the discovery of the breach;

(b) investigate and make reasonable efforts to remediate the effects of the breach, and provide the designating party with assurances that such breach shall not recur;

(c) provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach; and

(d) promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

11. <u>NON-USE OF ARTIFICIAL INTELLIGENCE ("AI") TOOLS BY RECEIVING PARTY</u>

Absent notice to and permission from the producing party, any person or entity authorized to have access to Protected Material shall not use or employ any application, service, tool, or analytical software that will transfer, transmit, send, or allow any external access to Protected Material (in whole or in part) unless such application, service, or analytical software:

(a) is containerized (*i.e.*, does not transmit any Protected Material to any external system or network for the purpose of analysis, use, or the generation of text outputs in response to queries);

(b) has the ability to track all information in the system (including access);

(c) is limited to use by those allowed to have access to the highest level of protected material; and

(d) does not otherwise allow access to information by unauthorized persons. For the avoidance of doubt, this restriction expressly applies to the use of public advanced LLMs, generative AI tools, and other advanced AI systems or tools, including but not limited to public versions of ChatGPT, Google Gemini, Meta Llama, Midjourney, Dall-E, Perplexity, Stable Diffusion, and DeepSeek R1.

12. MODIFICATIONS

This agreement may be modified by the Court or by agreement of the parties, subject to approval of the Court. Additionally, the parties may informally stipulate to extensions of time contemplated herein in writing, without Court approval, where such deadlines are not otherwise set by Court order (*e.g.*, modest extensions of the thirty-day period to designate material upon receipt of a deposition transcript).

13. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, as defined further below, each receiving party must either destroy or return all Protected Material to the producing party, including all copies, extracts and summaries thereof. Termination of this action shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Whether the Protected Material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that confirms the Protected Material has been returned or destroyed. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, legal memoranda, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this agreement shall remain in effect, including as to any such archival copies, until a designating party agrees otherwise in writing or a court orders otherwise, even after termination of this action. This agreement is, and shall be deemed to be, an enforceable agreement between the parties, their agents, and their attorneys.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 11, 2026

/s/ *Kaleigh N. Boyd* (with permission)
Kaleigh N. Boyd, WSBA #52684
McNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, WA 98101
Tel: 206-467-1816
Fax: 206-624-5128
Email: kboyd@mcnaul.com
*Attorneys for Plaintiff*

DATED: September 11, 2026

/s/ *Benjamin B. Sweeney*
Benjamin B. Sweeney, WSBA #63957
COOLEY LLP
1700 Seventh Ave., Suite 1900
Seattle, WA 98101
Telephone: +1 206 452 8700
Fax: +1 206 452 8800
Email: bsweeney@cooley.com
*Attorneys for Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the

producing party.

DATED: *September 14, 2026*

Kymberly K. Evanson
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________________ [print or type full name], of ______________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Cabrina Murphy v. MoneyLion Technologies Inc. et al.*, No. 2:26-cv-01308-KKE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:__________________________

City and State where sworn and signed:______________________________

Printed name:___________________

Signature: ______________________